UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HIRAM SANTONI, JR.,

    Plaintiff,

v.                                        CASE NO. 8:18-cv-851-T-23TGW

CHRISTOPHER GILLUM, *et al.*,

    Defendants.
_____/

## **O R D E R**

Santoni's complaint alleges that the defendants violated his civil rights by arresting, questioning, and prosecuting him. Santoni was granted leave to proceed *in forma pauperis*. (Doc. 6) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Santoni alleges[1] that both Assistant State Attorney Payton E. Thompson and Manatee County Sheriff's Detective Christopher Gillum violated his rights by charging him with illegally intercepting communications and that the detective violated his *Miranda* rights when threatening to arrest him for aggravated stalking. Santoni requests both an injunction against the defendants to enjoin them from the ongoing criminal proceedings and one hundred-twenty million dollars from Detective Gillum.[2] Santoni fails to state a claim that he can pursue in a civil rights action.

Santoni lists Payton E. Thompson, Assistant State Attorney, as a defendant but the complaint asserts no fact showing her involvement in either the arrest or the alleged *Miranda* violation. Nevertheless, prosecutorial immunity precludes Santoni's recovering compensatory damages, which relief Santoni requests. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also*

---

[1] Santoni's allegations are in the complaint and two later papers. (Docs. 1, 7, and 8)

[2] Santoni asserts no actual physical injury. Santoni cannot recover monetary damages because an actual physical injury is required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."

*Van de Kamp v. Goldstein*, 555 U.S. 335, 340–43 (2009), and *Hart v. Hodges*, 587 F.3d 1288, 1294–96 (11th Cir. 2009), *cert. denied*, 560 U.S. 953 (2010), for a thorough review of the breadth of prosecutorial immunity.

In a paper filed after the complaint Santoni requests an injunction against the prosecutor to enjoin her further involvement in the ongoing criminal prosecution. (Doc. 7) In another paper Santoni requests the same relief against Detective Gillum. (Doc. 8) Both requests seek the district court's intervention into the state proceedings. Because a federal court should almost always abstain from intrusion in a state proceeding, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Santoni presents no compelling or even facially sufficient reason to intervene in the state court proceeding.

Additionally, Santoni gains no benefit by liberally construing the civil rights complaint to allege that the defendants are denying Santoni his constitutional rights in the state criminal proceedings because such a claim would challenge the validity of the criminal conviction, if he is convicted. Under *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), if a state prisoner challenges the fact or duration of confinement, a writ of habeas corpus is the exclusive federal remedy. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), precludes Santoni from challenging the validity of either the

conviction or the sentence (including a fine or penalty) by a civil rights action instead of an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Santoni has no Section 1983 claim unless he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90.

Santoni fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the conviction (if he is convicted[3]) was "reversed on direct appeal, expunged by executive order, declared invalid by a state

---

[3] A review of both the online docket for the circuit court for Manatee County and the online public access records for the Manatee County jail disclose that Santoni is a pretrial detainee awaiting trial in three cases.

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.

As a consequence, Santoni fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Santoni can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

Accordingly, the civil rights complaint is **DISMISSED WITHOUT PREJUDICE**. This dismissal is without prejudice to Santoni's re-filing a Section 1983 complaint if he prevails in the pending state court criminal proceeding or if he succeeds in having the conviction vacated. The clerk must enter a judgment of dismissal against Santoni and close this case.

ORDERED in Tampa, Florida, on July 2, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE